**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10064 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00739-SOM-2 |
| v. | |
| JOHN GOUVEIA, Jr., | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Submitted February 14, 2012**
Honolulu, Hawaii

Before: GOODWIN, TROTT, and MURGUIA, Circuit Judges.

Defendant-Appellant John Gouveia, Jr., appeals the district court's denial of his

Confrontation Clause objections in connection with his conviction for: (Count One)

conspiring to possess with intent to distribute 500 grams or more of methamphetamine

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

from sometime in February 2006 up through and including July 27, 2006, in violation of 21 U.S.C. § 846; (Count Two) possessing with intent to distribute 500 grams or more of methamphetamine on or about March 15, 2006, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) as well as 18 U.S.C. § 2; and (Count Three) attempting to possess with intent to distribute 500 grams or more of methamphetamine on or about July 27, 2006, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) as well as 18 U.S.C. § 2. Gouveia also challenges the district court's denial of his motion for judgment of acquittal as to Count Two. The facts are known to the parties, and we state them here only as necessary to explain our disposition.

## I.    Confrontation Clause Claims

The Confrontation Clause bars the admission of out-of-court statements by witnesses that are testimonial, unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). Although the Supreme Court has not set forth a comprehensive definition of "testimonial," the "core class" of testimonial statements includes "*ex parte* in-court testimony or its functional equivalent . . . that declarants would reasonably expect to be used prosecutorially, extrajudicial statements . . . contained in formalized testimonial materials, . . .[and] statements that were made under circumstances which would lead an objective witness reasonably to believe that the

statement would be available for use at a later trial." *Id*. at 51-52 (second alteration in original) (internal quotation marks and citation omitted). In addition, the Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Id.* at 59 n.9 (citing *Tennessee v. Street*, 471 U.S. 409, 414 (1985)).

Gouveia challenges the admission of the Drug Enforcement Agency agent's testimony that the agent came to an agreement with informant Jose Perez as well as the agent's testimony about the instructions he gave Perez before Perez made recorded phone calls to Gouveia's co-defendant, Ramiro Hernandez. Gouveia also challenges the admission of the recordings of phone calls between Perez and Hernandez. All three of Gouveia's Confrontation Clause claims are meritless.

With regard to the agent's testimony that he reached an agreement with informant Perez, the district court struck this testimony from the record and instructed the jury to disregard it. As a result, the court's actions remedied any potential prejudice. *See Dubria v. Smith*, 224 F.3d 995, 1002 (9th Cir. 2000) ("Ordinarily, a cautionary instruction is presumed to have cured prejudicial impact.").

The agent's testimony about the instructions he gave Perez did not violate Gouveia's right to confrontation because these statements did not indicate to the jury that Perez had made incriminating statements about Gouveia. Unlike the agent's

3

testimony in the case of *United States v. Gomez*, 617 F.3d 88, 91-92 (2d Cir. 2010), there was no indication that Perez was asked to call or discuss his co-conspirators, buyers, or suppliers. Furthermore, there were other reasonable explanations for the agent's interest in extracting information about Gouveia from Hernandez. In addition, unlike *Gomez*, the agent's instructions were necessary for the jury to understand the meaning of code words used by Perez and Hernandez during the recorded calls.

Gouveia's objection to the admission of the recordings of the phone call between Perez and Hernandez fails because the statements on the recordings are not subject to the Confrontation Clause. Since Hernandez did not know his statements were being recorded by law enforcement and had no reason to expect that they would be used at his and Gouveia's prosecution, his statements are not testimonial and, therefore, are not subject to the Confrontation Clause. *Crawford*, 541 U.S. at 51-52. Perez's statements, which were factually false, are also exempt from the Confrontation Clause because they were not offered for the truth of the matter asserted, but to provide context for Hernandez's statements. *Id*. at 59 n.9 (noting that the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted.").

II.   **Sufficiency of the Evidence Claim**

In evaluating a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution, and must affirm the jury's verdict so long as any rational trier of fact could conclude that the elements of the crime have been proven beyond a reasonable doubt. *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (en banc) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Viewing the evidence in the light most favorable to the government, the facts support a reasonable inference that the car that arrived in March 2006 was used to transport methamphetamine to Hawaii from California and that the phone calls between one of Perez's phones and one of Gouveia's phones the day the car arrived were related to a drug conspiracy. *Id.* at 1164. As a result, it is reasonable to infer that Gouveia possessed with intent to distribute methamphetamine that had been shipped in March 2006 due to the similarities between the car shipments in March and July and Gouveia's conviction for attempted possession with intent to distribute methamphetamine in July 2006. Even if the evidence produced at trial could support the alternative conclusion that the car was not carrying drugs but was merely a "dry run," the government does not have "an affirmative duty to rule out every hypothesis except that of guilt beyond a reasonable doubt." *Jackson*, 443 U.S. at 326 (citing *Holland v. United States*, 348 U.S. 121, 140 (1954)).

Accordingly, we **AFFIRM** the district court's admission of the phone call recordings and the agent's testimony about the instructions he gave Perez; and **AFFIRM** the district court's denial of Gouveia's motion for judgment of acquittal as to Count Two.

**AFFIRMED**